UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RANDALL TREMAYNE LONDON,<br><br>Plaintiff,<br><br>v.<br><br>RIVER ROUGE PD, *et al.*,<br><br>Defendants. | Case No. 24-cv-10754<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANTS BARTON MORRIS LAW FIRM'S AND WAYNE
COUNTY'S MOTIONS TO DISMISS (ECF NOS. 15, 16) AND TO SUA
SPONTE DISMISS CLAIMS AGAINST DEFENDANT RIVER ROUGE
POLICE DEPARTMENT**

### I. Introduction

Plaintiff Randall Tremayne London filed this pro se civil rights action under 42 U.S.C. § 1983, claiming various constitutional violations. ECF No. 1. The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 13. Defendants Barton Morris Law Firm and Wayne County move to dismiss the action. ECF No. 15; ECF No. 16. London did not respond, so the Court ordered him to show cause by September 11, 2024, why his complaint should not be dismissed. ECF No. 23. He did not respond to the

order to show cause. The Court **RECOMMENDS** that Barton Morris's and Wayne County's motions be **GRANTED** and that the claims against Defendant River Rouge Police Department be sua sponte **DISMISSED**.

## II. Analysis

### A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* But "[t]hreadbare recitals of the elements of a cause of action, supported by

2

mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

When a plaintiff fails to respond to a motion to dismiss, the Court should exercise caution to ensure that the moving party has met its burden of demonstrating that it is entitled to outright dismissal. *Coley v. State of Ohio Dep't of Rehab.*, No. 2:16-CV-258, 2016 WL 5122559, at *1 (S.D. Ohio Sept. 21, 2016).

**B.**

London's complaint does not meet the pleading standards of Federal Rule of Civil Procedure 8. Rule 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and requires that each allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). The rule ensures that "the district court and defendants should not have to fish a gold coin from a bucket of mud to

identify the allegations really at issue." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (cleaned up).

The complaint arises from London's arrest when his home was searched in March 2021. ECF No. 1, PageID.5. Although London paid his bond right away, he claims that he was not released until a tether was available weeks later. *Id.* London also alleges that he was never given his diabetes medication. *Id.* He asserts claims for police misconduct, due process violations, ineffective assistance of counsel, malicious prosecution, prosecutorial misconduct, and judicial misconduct. *Id.*, PageID.1. But the complaint is devoid of any allegations describing the factual basis for those claims. These barebones claims do not give defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests," as required under Rule 8. *See Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 507 (2002). Nor do they offer enough factual allegations to state a plausible claim.

London wholly fails to state a claim against Barton Morris. He has not alleged whether Barton Morris represented him, let alone how they provided ineffective assistance.

4

London also names as defendants Wayne County and the River Rouge Police Department.[1]  But Wayne County is not vicariously liable for a civil rights violation based on the actions of its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  And the police department is subsumed within its municipal entity and is not properly included as a separate defendant.  *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007).  Even if the Court construed London's claim against the police department as a claim against the city of River Rouge, it would not succeed.  Municipal liability arises only if the challenged conduct occurred under an "official policy" so that the municipality's "promulgation or adoption of the policy can be said to have 'caused' one of its employees to violate the Plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Monell*, 436 U.S. at 692).  "A plaintiff must therefore specify a governmental policy or custom from which his injuries flowed." *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

---

[1] London has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence.  ECF No. 7.  Although the police department has not moved to dismiss, the Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen suits where the plaintiff is proceeding in forma pauperis and to dismiss the action sua sponte if it fails to state a claim, is frivolous, or seeks monetary relief from immune defendants.  *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

5

London has identified no policy or custom of Wayne County or River Rouge that caused his alleged injuries. Thus, he fails to state a claim against those defendants.

### III. Conclusion

The Court **RECOMMENDS** that Barton Morris's and Wayne County's motions to dismiss be **GRANTED** (ECF No. 15; ECF No. 16) and that the claims against the River Rouge Police Department be sua sponte **DISMISSED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 23, 2024

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of*

6

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 23, 2024.

s/Davon Allen
DAVON ALLEN
Case Manager
