UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL TREMAYNE LONDON,

    Plaintiff,

v.

                                  Case No. 24-cv-10754
                                  Hon. Matthew F. Leitman

RIVER ROUGE PD, *et al.*,

    Defendants.
_____/

**ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 15, 16), (2) DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1), AND (3) TERMINATING DEFENDANT'S MOTION TO STRIKE (ECF No. 33) AS MOOT**

        On March 25, 2024, Plaintiff Randall Tremayne London filed this *pro se* civil-rights action against Defendants Barton Morris Law Firm ("Barton Morris"), Wayne County, and the River Rouge Police Department. (*See* Compl., ECF No. 1.) London's Complaint is difficult to follow, but it appears that he seeks to bring claims against the Defendants arising out of the search of his home in March 2021 and his arrest and incarceration following that search. (*See id.*)

        On May 15, 2024, Barton Morris filed a motion to dismiss London's claims under Federal Rule of Civil Procedure 12(b)(6). (*See* Mot., ECF No. 15.) On May 21, 2024, Wayne County likewise filed a motion to dismiss London's claims under Rule 12(b)(6). (*See* Mot., ECF No. 16.) The River Rouge Police Department did not

1

file a motion to dismiss.  Instead, it filed an answer to the Complaint on May 21, 2024. (*See* Answer, ECF No. 18.)

The two motions to dismiss were referred to the assigned Magistrate Judge. (*See* Order, ECF No. 13.)  On May 28, 2024, the Magistrate Judge issued an order directing London to file responses to both motions to dismiss by no later than June 11, 2024. (*See* Order, ECF No. 20.)  London did not file a response to either motion as directed.  The Magistrate Judge then issued an order to show cause, ordering London to show cause "why the claims against defendants should not be dismissed for the reasons described in their motions to dismiss (ECF Nos. 15 and 16), or for failure to prosecute under E.D. Mich. LR 41.2." (Order, ECF No. 23, PageID.79.) London never filed a response to the Magistrate Judge's show cause order.

On October 23, 2024, the Magistrate Judge issued a report and recommendation in which she recommended that the Court (1) grant both motions to dismiss and (2) *sua sponte* dismiss London's claims against the River Rouge Police Department (the "R&R"). (*See* R&R, ECF No. 28.)  The Magistrate Judge began with London's claims against Barton Morris.  She concluded that "London wholly fail[ed] to state a claim against Barton Morris" because "[h]e ha[d] not alleged whether Barton Morris represented him, much less how [Barton Morris] provided ineffective assistance." (*Id.*, PageID.102.)  The Magistrate Judge next turned to the claims against Wayne County and the River Rouge Police Department.

2

She explained that London could only proceed on those claims "if the challenged conduct occurred under an 'official policy' so that the municipality's 'promulgation or adoption of the policy can be said to have 'caused' one of its employees to violate the Plaintiff's constitutional rights.'" (*Id.*, PageID.102, quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014)). And she concluded that London had "fail[ed] to state a claim against" either Wayne County or the River Rouge Police Department because he had not "identified [any] policy or custom of Wayne County or [the] River Rouge [Police Department] that caused his alleged injuries." (*Id.*, PageID.103.) She therefore recommended that the Court grant Barton Morris' and Wayne County's motion to dismiss and *sua sponte* dismiss the claims against the River Rouge Police Department. (*See id.*) At the conclusion of the R&R, the Magistrate Judge informed London that if he wanted to file objections to her recommendations, he needed to do so within 14 days (*i.e.*, by no later than October 7, 2024). (*See id.*, PageID.103-104.)

On October 5, 2024, London filed what he called a "Motion for Time Extension." (*See* Mot., ECF No. 29.) In that motion, London asked for "28 days of extra time in which to do [] a response." (*Id.*, PageID.105.) London did not specifically identify the R&R as the document to which he wished to file a response, but the Court construed his motion as requesting an extension of the deadline to file objections to the R&R – the only deadline that currently existed at that time – and

granted the extension. (*See* Order, ECF No. 30.) The Court directed London to file his objections to the R&R by no later than December 5, 2024. (*See id.*)

Despite the extension of time, London has not filed any objections to the R&R. Nor has he contacted the Court asking for additional time to file objections. Instead, on December 3, 2024, London filed a proposed Amended Complaint. (*See* Am. Compl., ECF No. 31.) The proposed Amended Complaint appears to name only a single Defendant – Wayne County – and it alleges that (1) the County was negligent when it failed to provide London his required medications while he was incarcerated, (2) London was falsely imprisoned, and (3) London's prosecution prevented him from obtaining and maintaining employment. (*See id.*) On December 17, 2024, Wayne County moved to strike the proposed Amended Complaint on the basis that London was not authorized to file it under the Federal Rules of Civil Procedure. (*See* Mot., ECF No. 33.)

The Court begins its analysis with the R&R. As noted above, in the R&R, the Magistrate Judge recommended that the Court (1) grant Barton Morris' and Wayne County's motions to dismiss and (2) *sua sponte* dismiss London's claims against the River Rouge Police Department. London never filed any objections to the R&R. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, (6th Cir. 1987) (explaining that where party fails to file

4

"timely objections" to report and recommendation, court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions"). Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Accordingly, because London has failed to file objections to the R&R, the Court will adopt the Magistrate Judge's recommendations, grant Barton Morris' and Wayne County's motions to dismiss, *sua sponte* dismiss London's claims against the River Rouge Police Department, and dismiss his Complaint.

The Court next turns to London's proposed Amended Complaint. Under Federal Rule of Civil Procedure 15(a)(1), a party may "may amend its pleading once as a matter of course no later than" (1) "21 days after serving it" or (2) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. Rule Civ. Proc. 15(a)(1)(A)-(B). Defendants were served with London's initial Complaint more than six months ago. (*See* Acknowledgment of Service, ECF No. 12.) In addition, well more than 21 days has elapsed since Wayne County and Barton Morris filed their motions to dismiss under Rule 12(b) and since the River Rouge Police Department filed its answer. Thus, London may file an Amended Complaint only if the Court grants him leave or if the

5

Defendants consent (which they have not). *See* Fed Rule Civ. Proc. 15(a)(2). And while "[t]he court should freely give leave when justice so requires" *id.*, justice does not require leave to be granted here. London's proposed Amended Complaint suffers from the same flaws that led the Magistrate Judge to recommend that the Court dismiss his initial Complaint. Most importantly, while London seeks to bring claims against Wayne County, he does not plead any facts that could support such claims, such as identifying any policies or customs that caused his claimed injuries. The Court therefore declines to grant London leave to file his proposed Amended Complaint.[1] *See*, *e.g.*, *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (affirming denial of leave to amend because the proposed amendment would be futile).

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- The recommended disposition of the R&R (ECF No. 28) is **ADOPTED**;
- Barton Morris' and Wayne County's motions to dismiss (ECF Nos. 15, 16) are **GRANTED**, London's claims against the River Rouge Police Department are **DISMISSED**, and London's Complaint (ECF No. 1) is **DISMISSED**; and

---

[1] Because the Court declines to grant London leave to file his Amended Complaint, it will **TERMINATE** Wayne County's motion to strike the Amended Complaint (ECF No. 33) as moot.

- The Court **DECLINES** to grant London leave to file his proposed Amended Complaint (ECF No. 31).

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: December 20, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 20, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126
